## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**LISA LYN SEABOLT,**                          :

      **Petitioner**                          :

                             **CIVIL ACTION NO. 3:22-1765**

      **v.**                          :

                             **(Judge Mannion)**

**WARDEN BECHTOLD,**                          :

      **Respondent**                          :

## MEMORANDUM

## I.   Background

On July 26, 2022, Petitioner, Lisa Lyn Seabolt, an inmate confined in the Franklin County Prison, Chambersburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in the United States Court for the District of Columbia. (Doc. 1). The filing fee has been paid. Id. Petitioner challenges a detainer lodged against her by the Frederick County Sheriff's Office, Frederick, Maryland. Id.  For relief, Seabolt asks the Court to "pick [her] up" and "transfer [her] to Maryland for trial" or "dismiss all charges." Id. By Order dated October 7, 2022, the District of Columbia transferred the above captioned action to the United States District Court for the Middle District of Pennsylvania. (Doc. 4). It was received in this

1

Court on November 4, 2022. (Doc. 5). On that same date, a *Pro Se* Letter, providing the case number, along with an Administrative Order 85, Notice and Consent Form. (Doc. 6).

On November 16, 2022, the *Pro Se* Letter and Notice and Consent Form were returned to this Court, with the notations "Return to Sender Not at this Address" and "Unable to Forward." (Doc. 7). An inquiry to the Franklin County Jail from this Court's *Pro Se* Legal Assistant, revealed that Seabolt had been transferred on August 1, 2022 to the Frederick County Jail in Maryland.

For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus as moot.

## II.   **Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be

threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Seabolt has been released from the custody of Franklin County and transferred to Maryland, her habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

## III.   <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus

will be **DISMISSED**. An appropriate order will follow.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 5, 2022**
22-1765-01